**SHARLOT et al. v. FORD MOTOR CO.**
Civil Action No. 3106.

District Court, E. D. New York.
Sept. 7, 1945.

Irving J. Sharlot, of New York City, for plaintiffs (for the motion).

Alfred W. Andrews, of New York City, for defendant (opposed).

KENNEDY, District Judge.

This is an action to recover for personal injuries sustained in October, 1939, at the defendant's building at the World's Fair, New York. Plaintiff's attorney is her husband.

The action was commenced September, 1942, in the Supreme Court of New York in Nassau County. It was removed to this Court on January 22, 1943. Defendant answered on January 29, 1943. The case was placed on the dismissal calendar on June 24, 1944, and on June 26, 1944, Judge Inch entered an order dismissing the action. The present application is to rescind the order of Judge Inch and to restore the case to the calendar. The motion papers were filed on May 11, 1945, nearly 11 months after the order of dismissal. Plaintiff's attorney says that in May, 1944, he was required to have an appendicitis operation, and that he was convalescing for about two months thereafter. In an affidavit prepared on May 8, 1945, he says that "several months ago your deponent was informed by his counsel that the office of the attorney for the defendant had informed him that this case had been dismissed."

In opposition to the motion it is urged that Federal Rules of Civil Procedure, Rule 60(b), 28 U.S.C.A. following section 723c, prohibits the rescinding of Judge Inch's order because six months and more have elapsed since it was made. In reply plaintiff says that the motion is actually brought under Rule 55(c). However, plaintiff seems to have overlooked the fact that Rule 55(c)

specifically limits the power of the Court to relieve against judgments by default to the power granted under Rule 60(b). Actually, this case is ruled by Wallace v. United States, 2 Cir., 1944, 142 F.2d 240. In that case Judge Frank wrote for reversal of the judgment. In the course of the opinion he plainly indicates that dismissals like the one at bar are subject to the terms of Rule 60(b), and says that the six months' limitation contained in Rule 60(b) is so emphatic as to preclude exceptions even by way of Rule 6(b) and Rule 6(c), both of which seem to give wide latitude and discretion to the district court in the matter of enlargement of time and proceedings after the term has expired.

The motion is denied for the want of power.

Settle order on notice.